IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAUL I. CALDERON, | ) | 4:08CV3128 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DENNIS BAKEWELL, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 32.) In support of his Motion, Respondent filed a Brief, Reply Brief, and relevant State Court Records. (Filing Nos. 13, 33, and 55.) Petitioner Raul I. Calderon ("Calderon") filed a Reply to the Motion (filing no. 51), and a Cross-Motion for Summary Judgment and Brief. (Filing Nos. 117 and 118.) As set forth below, Respondent's Motion is granted and Petitioner's Motion is denied.

Liberally construing the allegations of Calderon's Petition for Writ of Habeas Corpus (filing no. 1), he argues that the Petition should be granted because:

> Claim One:  Petitioner's conviction was obtained by action of a grand or petit jury which was unconstitutionally selected or impaneled *because* the jury verdict was "orchestrated and set-up."
>
> Claim Two:  Petitioner was denied the right to appeal *because* Petitioner's appellate counsel submitted an appeal without Petitioner's "knowledge of the claims" and *because* every time Petitioner tried to "access the court" he was placed in segregation.
>
> Claim Three:  Petitioner's conviction was obtained as a result of ineffective assistance of counsel *because*

> Petitioner's counsel did not allow Petitioner, or witnesses, to testify in Petitioner's defense, and did not object to "erroneous jury instructions" or the "pre-sentence report."

Claim Four: Petitioner's conviction was obtained as a result of ineffective assistance of appellate counsel *because* Petitioner's appellate counsel submitted an appeal without Petitioner's "knowledge of the claims."

(Filing No. 6 at CM/ECF pp. 1-2.)

## I. BACKGROUND

On September 18, 2002, after a jury trial, Calderon was found guilty of one count of Attempted Second Degree Murder and one count of Use of a Firearm to Commit a Felony. (Filing No. 13-5, Attach. 4, at CM/ECF p. 62.) Calderon was thereafter sentenced to serve 10 to 20 years on the Attempted Second Degree Murder count and five to 10 years on the Use of a Firearm count. (*Id.* at CM/ECF p. 70.) Calderon, through counsel, filed a timely direct appeal. (Filing No. 13-2, Attach. 1, at CM/ECF p. 1.) The Nebraska Court of Appeals summarily affirmed Calderon's conviction and sentence on July 28, 2003 and did not issue a separate opinion. (*Id.* at CM/ECF p. 2.) Calderon filed a petition for further review with the Nebraska Supreme Court, but the petition was dismissed as untimely on September 2, 2003. (*Id.*) The Nebraska Supreme Court issued the mandate to the Lincoln County, Nebraska District Court on September 10, 2003. (*Id.*)

Calderon filed a Verified Motion for Post-conviction Relief ("Post Conviction Motion") in the District Court of Lincoln County, Nebraska on December 6, 2006. (Filing No. 13-8, Attach. 7, at CM/ECF pp. 2-6.) The Lincoln County, Nebraska District Court denied the Post Conviction Motion on January 4, 2007. (Filing No. 13-6, Attach. 5, at CM/ECF pp. 32-33.) There is no indication in the record before the

2

court that Calderon appealed the denial of his Post Conviction Motion[1].

Calderon filed his Petition in this court on June 19, 2008. (Filing No. 1.) Respondent thereafter filed his Motion for Summary Judgment, arguing that Calderon's Petition is barred by the relevant statute of limitations. (Filing No. 33.) In opposition, Calderon states that his failure to file his Petition within one year should be excused due to the ineffective assistance of counsel and argues the merits of his claims. (Filing Nos. 51, 117, and 118.)

## II.   ANALYSIS

### A.   Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[1] On January 24, 2008 and April 9, 2008, Calderon filed two more post-conviction motions in state court, both of which were denied. (Filing Nos. 13-9, Attach. 8, at CM/ECF pp. 5-6; 13-7, Attach. 6, at CM/ECF pp. 5-6.) Because the court finds that the first Post-Conviction Motion was filed two years after the limitations period expired and does not toll the statute of limitations, these later-filed motions also have no impact on the statute of limitations.

>United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Importantly, however, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008) (indicating that a postconviction case is pending, and the limitations period is tolled, from the filing of the postconviction motion until the mandate issues).

Here, there is no indication that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, therefore, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A judgment is final, "for these purposes, at the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for a writ of certiorari." *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (internal citations and quotations omitted). The United States Supreme Court requires that a petition for writ of certiorari be filed within "ninety days from the date of entry of judgment in a state court of last resort." *Id.*; *see also* Sup. Ct. R. 13(1). The calculation of the 90-day period runs from the date of entry of the judgment for which the writ of certiorari

is sought, "and not from the issuance date of the mandate." Sup. Ct. R. 13(3).

There is some question here regarding whether Petitioner is entitled to the 90-day period because, although he sought review from the Nebraska Supreme Court, he did not timely seek that review. (Filing No. 13-2, Attach. 1, at CM/ECF p. 2.) Giving Petitioner the benefit of the 90-day period, the limitations period began to run on December 1, 2003, 90 days after the date of entry of judgment in the Nebraska Supreme Court. Thus, Calderon had one year, or until December 1, 2004, to file a state post-conviction motion, or a petition in this court. Calderon filed his Post Conviction Motion on December 6, 2006. Even though the time during the pendency of the Post Conviction Motion does not count, that motion was not filed until more than two years after the statute of limitations had already expired. In light of this, the court finds that Calderon's Petition was not timely filed.

### B.     Equitable Tolling

Calderon argues that the untimeliness of his Petition should be excused. (Filing Nos. 51, 117, and 118.) The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, *Riddle v. Kemna*, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th Cir. 2001)).

Calderon argues that equitable tolling should be applied in this case because his attorney failed to raise certain arguments at various stages of the proceedings. (Filing No. 118 at CM/ECF pp. 1-2.) Ineffective assistance of counsel does not ordinarily warrant equitable tolling. *Walker v. Norris*, 436 F.3d 1026, 1033 (8th Cir.

2006). The court has reviewed the voluminous record in this matter, including the dozens of motions, briefs, and letters filed by Petitioner. It is clear that Calderon has not pursued his rights diligently, nor does it appear that any extraordinary circumstance stood in Calderon's way of timely filing his Petition. The court finds that equitable tolling does not apply and Calderon's Petition is barred by AEDPA's statute of limitations.

IT IS THEREFORE ORDERED that:

1. Petitioner Raul I. Calderon's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. All other pending motions and objections are denied as moot.

February 3, 2009.            BY THE COURT:

                             s/ Joseph F. Bataillon
                             Chief United States District Judge